Michael Hucul
PO Box 2638
San Marcos, CA 92079
(616) 828-9533
hucul@sbcglobal.net

FILED

17 OCT 27 PM 2:29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: RMC   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Hucul<br><br>Plaintiff,<br><br>v.<br><br>Jeffrey K. Van Hattum and Van Hattum & Associates, P.C.<br><br>Defendants. | Case No.: **'17CV2199 BEN WVG**<br><br>**Complaint: Violations of the Fair Debt Collection Practices Act. (15 U.S.C. §§1692 et seq.)**<br><br>Action filed: October 27, 2017 |

1

# Table of Contents

Authorities..................................................................................3

Jurisdiction.................................................................................4

Statement of the Case.....................................................................4

Statement of the Facts....................................................................4

Argument....................................................................................8

Conclusion..................................................................................2

# Table of Authorities

Afewerki v. Anaya Law Group,
Court of Appeals, 9th Circuit (2017)..................................................8

Amelina v. Manufacturers and Traders Trust Company,
Dist. Court, SD California (2015).....................................................9

Badeen v. Par, Inc.,
853 NW 2d 303 - Mich: Supreme Court (2014)..................................4

Fisher Sand v. Neal,
Michigan Supreme Court (2013).......................................................7

Mandelas v. Gordon,
785 F. Supp. 2d 951 - Dist. Court, WD Washington (2011)................8

Michigan Ed. v. Morris
596 NW 2d 142 - Michigan Supreme Court (1999)............................7

Petley v. San Diego County Credit Union,
Dist. Court, SD California (2017).....................................................8

Provo v. Rady Children's Hospital-San Diego,
Dist. Court, SD California (2015)..................................................5, 9

Rodrigo v. Barclays Banks Delaware,
Dist. Court, SD California (2017).....................................................7

Smith v. Law Offices of Mitchell N. Kay,
124 BR 182 - Dist. Court, D. Delaware (1991)..................................9

Syed v. MI, L.L.C.,
853 F. 3d 492 - Court of Appeals, 9th Circuit (2017).........................8

Verdun v. Fidelity Creditor Service,
Dist. Court, SD California (2017).....................................................8

## Jurisdiction

Jurisdiction is proper for this District Court under The Federal Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692k(d).

## Statement of the Case

Because of the abusive debt collection practices surrounding the collection efforts of Jeffrey K. Van Hattum and Van Hattum & Associates, P.C.,(Van Hattum) Michael Hucul (Hucul) files this complaint to move this United States District Court, Southern District of California for the reliefs provided for under 15 U.S.C §1692(k).

## Statement of the Facts

1) That Hucul is a consumer as defined by 15 U.S.C. §1692a(3), resides in the State of California and has since March 2013.

2) That Bob VanderLaan, (VanderLaan) an attorney, represented Hucul for personal purposes in the State of Michigan involving a divorce, (2006-2007) a post divorce matter involving school choice for Hucul's son, (2008-2009) a post employment matter, (2010) a post divorce matter involving a change of domicile, (2/2011-8/2011) a post divorce matter involving a de novo appeal of the change of domicile decision, (8/2011-1/2012) and a post divorce matter involving an appellate Court review of the de novo appeal. (2/2012-2/2012)

3) That Van Hattum operates as a debt collection agency, who regularly collects debts or attempts to collect debts as defined by 15 U.S.C. § 1692a(6); who represents VanderLaan and VanderLaan Associates PLC, in the State of Michigan, and does so without a State of Michigan license. (Attachment "A")

4) That Michigan Compiled Laws (MCL) Section 904(1) states in part "…a person shall not operate a collection agency or commence in the business of a collection agency without first applying for and obtaining a license under this article from the department for each place of business".

5) That the State of Michigan Supreme Court stated, "Article 9 of the Occupational Code requires a person to apply for and obtain a license before operating a collection agency or commencing in the business of a collection agency". (Badeen v. Par, Inc., 853 NW 2d 303 - Mich: Supreme Court (2014))

6) That the United States District Court for the Southern District of California stated, "Under section 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt". (Provo v. Rady Children's Hospital-San Diego, Dist. Court, SD California (2015))

7) That Van Hattum, without a Michigan license to collect an out of state debt, contacted Hucul in California through the United States Postal Service with a letter dated 10/28/2016 indicating they were a collection agency and alleged Hucul owed a debt of $23,745.80 and issued a threat of legal action that would add costs, interest, and attorney fees. (Attachment "B")

8) That per §1692g(b) Hucul replied with a letter dated November 8, 2016 disputing the debt in it's entirety and requesting VanHattum to provide an accurate accounting to validate the debt. (Attachment "C")

9) That Van Hattum, through the United States Postal Service, sent Hucul another letter dated 12/30/2016, alleging Hucul now owes a debt of $30,041.88, issued another threat of court proceedings to coerce Hucul in owing the debt, plus interest, cost, more interest and attorney fees, and indicated they provided the validation of the debt. (Attachment "D")

10) That §1692g(b) of the FDCPA indicates collection efforts shall cease if a consumer notifies the debt collector disputing the debt within 30 days.

11) That Van Hattum did not cease debt collections and did not provide Hucul with validation of the debt like they indicated in their 12/30/16 letter.

12) That Hucul responded with another letter dated January 11, 2017, again disputing the debt in its entirety, that Hucul had not received any validation of the debt and instructed Van Hattum to refrain from contacting him. ("Attachment "E")

13) That on January 11, 2017 Hucul filed a complaint with the Consumer Financial Protection Bureau, (CFPB) regarding the debt collection violations of Van Hattum. (Attachment "F")

14) That Van Hattum, through the Unites States Postal Service sent Hucul an oversized envelope delivered on January 17, 2017, with a large assortment of invoices with sporadic dates going back to 2006. (Attachment "G")

15) That on January 26, 2017, Hucul sent Van Hattum a letter indicating the invoices were not an accurate accounting and that Hucul was disputing the debts. (Attachment "H")

16) That on February 28, 2017, VanderLaan passed away.

17) That on March 16, 2017 the CFPB informed Hucul, through an email, that they could not contact Van Hattum because they may not be registered or the CFPB does not handle cases regarding this matter. (Attachment "I")

18) That on approximately August 3, 2017 Hucul noticed a complaint summons (Complaint) lying on the front of his lawn. Directing Hucul to appear in the State of Michigan because Van Hattum filed legal action, on behalf of VanderLaan, claiming Hucul owed $30,041.88 and asking for the Michigan Court to grant this plus interest, court costs and attorney fees. (Attachment "J")

19) That the Complaint included a "Summary of Account" dated June 1, 2012 for $23,745.80 that does not provide a breakdown or an accounting of these charges, nor does not provide a signature verifying the charges from VanderLann. (Attachment "K")

20) That the Complaint included a "Statement" of legal services for $6,296.08 dated July 1, 2009. (Attachment "L")

21) That the statute of limitations for the State of California and for the State of Michigan for collections on a debt without a contract is two years. Code of Civil Procedure (CCP) Section 339 and MCL Section 600.5809(2).

22) That filing a timed barred action in Court is a violation of the FDCPA. (Rodrigo v. Barclays Banks Delaware, Dist. Court, SD California (2017))

23) That §1692i(2)(A)(B) of the FDPCA states in part that if a debt collector brings legal action it will "bring such action only in the judicial district or similar legal entity—
  (A) in which such consumer signed the contract sued upon; or
  (B) in which such consumer resides at the commencement of action".

24) That Hucul did not sign a contract with VanderLaan and VanHattum cannot produce one.

25) That Van Hattum declared, on the Complaint, that Hucul "breached" a contract with VanderLaan.

26) That in order for Hucul to have "breached" a contract with VanderLaan, VanderLaan or Van Hattum must produce the "explicit" terms of the contract and how they were breached. (Michigan Ed. v. Morris 596 NW 2d 142 - Michigan Supreme Court (1999))

27) That Van Hattum cannot produce a contract between VanderLann and Hucul or a "debtor's express or implied assent to the balance due" or an accurate accounting to validate the debt. (Fisher Sand v. Neal, Michigan Supreme Court (2013))

28) That on August 6, 2017 Hucul filed a complaint with the Michigan Department of Attorney General letting them know Van Hattum is harassing Hucul, is operating a collection agency from Michigan to California without a Michigan license to do so and has initiated legal action against Hucul also without a license. (Attachment "M")

29) On October 17, 2017, after careful review and consideration, the Michigan Department of Attorney General stated they can only provide legal opinions to state officials and that Hucul should seek the advice of an attorney. (Attachment "N")

7

30) That Van Hattum sought to violate Hucul's right to privacy by demanding the United States Post Office in California validate Hucul's residence, Hucul wants this harassment to stop. (Attachment "O")

## Argument

That operating a collection agency without a license in Michigan is a willful violation of MCL Sections 339.908 & 339.917, and therefore violates FDCPA as does "any false, deceptive, or misleading representation...".(Petley v. San Diego County Credit Union, Dist. Court, SD California (2017)) see also, (Mandelas v. Gordon, 785 F. Supp. 2d 951 - Dist. Court, WD Washington (2011))

Hucul's receipt of Van Hattum's initial debt collection letter dated 10/28/2016 (Attachment "B") gave Hucul a concrete injury under 15 U.S.C. § 1692e and for Article III standing, for two reasons; the collection efforts by Van Hattum are time barred and Van Hattum is unlicensed. (Verdun v. Fidelity Creditor Service, Dist. Court, SD California (2017))

When Hucul disputed the debt and requested an accounting of it with his letter, (Attachment "C") this should have ended Van Hattum's future communications with Hucul. (FDCPA §1692g(b))  When Hucul received Van Hattum's 12/30/2016 letter, (Attachment "D") Hucul's rights under the FDCPA were again violated, without an accurate accounting of the debt, the debt is time barred and Van Hattum does not have a license.  Van Hattum's actions were willful and negligent resulting in actual, punitive and statutory damages. (Syed v. MI, L.L.C., 853 F. 3d 492 - Court of Appeals, 9th Circuit (2017))

Van Hattum failed to give an actual accounting of the debt with Attachment "G", that also a violates the FDCPA.

Because filing legal action in Michigan where there is no contract, the action is time barred, and the amount of the debt is incorrect, violates §§ 1692d, 1692e, 1692e(2), and 1692f of the FDCPA and the State of California Rosenthal Act. (Afewerki v. Anaya Law Group, Court of Appeals, 9th Circuit (2017)) "Moreover, it is apparent that one of the California Legislature's goals in passing the Rosenthal Act was to prevent the use of improper lawsuits to collect on debts". (Petley v. San Diego County Credit Union, Dist. Court, SD California (2017))

## Conclusion

"Under section 1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Courts apply the least sophisticated debtor test to determine whether the challenged provision is likely to deceive or mislead a hypothetical least sophisticated debtor. Wade v Regional Credit Ass'n, 87 F.3d 1098, 1100 (0th Cir. 1996)". (Provo v Rady Children's Hospital-San Diego, Dist Court, SD California (2015))

"To state a claim under the FDCPA, a Plaintiff must allege facts that establish (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. (Amelina v. Manufacturers and Traders Trust Company, Dist Court, SD California (2015))

The record shows Hucul has attempted to resolve these violations by other means and must now request from this Court actual, statutory and punitive damages for harassment, emotional distress caused by Van Hattum and costs. 15 U.S.C. 1692k allows for this Court to award damages up to $1000 for each occurrence. (Smith v. Law Offices of Mitchell N. Kay, 124 BR 182-Dist. Court, D. Delaware (1991))

Because there are at least seven willful and deliberate debt collection violations of the FDCPA by Van Hattum, Hucul requests this Court to enter an order for Van Hattum to pay $7,000 to Hucul, plus any other statutory, punitive or actionable amounts this Court considers just, plus costs including injunctive relief from the pending Michigan court proceedings.

Dated:  October 27, 2017

Respectfully submitted,

Michael Hucul
In Pro Se
PO Box 2638
San Marcos, CA 92079
hucul@sbcglobal.net
(616) 828-9533

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS095564
Cashier ID: lcarried
Transaction Date: 10/27/2017
Payer Name: MICHAEL HUCUL
----------------------------------------
CIVIL FILING FEE
 For: MICHAEL HUCUL
 Case/Party: D-CAS-3-17-CV-002199-001
 Amount:         $400.00
----------------------------------------
CREDIT CARD
 Amt Tendered:  $400.00
----------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```